UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

STEVEN GRAY,                        )
                                    )
            Plaintiff,              )
                                    )
      vs.                           )       1:13-cv-297-JMS-DML
                                    )
D. ALSIP, et al.,                   )
                                    )
            Defendants.             )

**Entry Discussing Complaint and Directing Further Proceedings**

Plaintiff Steven Gray brings this complaint pursuant to 42 U.S.C. § 1983 alleging that the defendants were deliberately indifferent to a serious risk of harm to him.

The **clerk shall** include a copy of Gray's motion to clarify claims [dkt. 11] with the plaintiff's copy of this Entry. That motion [dkt. 11] is **granted** to the extent that it is treated as a response to the Court's directions that he supplement his complaint.

**I.**

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)(citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993)(noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)).

## II.

Based on the standard set forth above, certain of Gray's claims shall proceed, while others will be dismissed.

Gray's claim that defendants Alsip, Franklin, Rhinehart, and Troyer acted with deliberate indifference to his request for help, causing him to be beaten by other inmates, **shall proceed**.

Gray's claim against defendants Franklin and Rhinehart that they refused to bring disciplinary charges against his assailants is **dismissed**. Gray does not allege that this action caused a violation of a particular constitutional right of his and the Court discerns none. *See Algee v. Holinka*, 08-CV-686-SLC, 2008 WL 5186837 (W.D. Wis. Dec. 8, 2008) (noting that there are numerous reasons why prisoners might receive different discipline and concluding, "particularly with respect to a discretionary decision like the one at issue here, petitioner must at a minimum allege facts suggesting that the disparity does not have a rational explanation or that he was discriminated against for a reason that is subject to heightened scrutiny, such as race.").

Gray's claim against defendant Bodkins for writing a disciplinary report against him is **dismissed**. The settled law in these circumstances is that when a prisoner makes a claim that, if successful, could shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a ' 1983 claim. *Heck v. Humphrey,* 512 U.S. 477 (1994). For the same reason, Gray's request for injunctive relief regarding the disciplinary charges against him, as described in his motion to clarify claims, is **dismissed**.

Gray seeks "injunctive relief concerning [his] mental condition issue." He was given the opportunity to supplement this claim by describing in more detail the relief he seeks and did not do so. This request for relief is too vague to state a claim and is therefore **dismissed**.

Any claim thought to have been brought against a defendant in his or her official capacity is also **dismissed**, because any such claim is barred by the Eleventh Amendment to the United States Constitution, and the doctrine of sovereign immunity. *See Kentucky v. Graham*, 473 U.S. 159, 165-167 and n.14 (1985) (suit for damages against state officer in official capacity is barred by the Eleventh Amendment).

Finally, the plaintiff=s request for class certification is **denied**. *See Lasley v. Godinez*, 833 F.Supp. 714, 715 n.1 (N.D.Ill. 1993) (pro se prisoners could not adequately represent class of inmates); *Turner-El v. Illinois Bd. of Education*, 1994 WL 27874, at *1  (N.D.Ill. Jan. 31, 1994) ("Because a layman does not ordinarily possess the legal training and expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a pro se litigant.") (citations omitted) (*citing Phillips v. Tobin*, 548 F.2d 408, 413-14 (2d Cir. 1976); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Ethnic Awareness Organization v. Gagnon*, 568 F. Supp. 1186, 1187 (E.D.Wis. 1983)).

**III**.

In summary, the following claim **shall proceed:** Gray's claim that defendants Alsip, Franklin, Rhinehart, and Troyer acted with deliberate indifference to his request for help, causing him to be beaten by other inmates. All other claims are dismissed pursuant to 28 U.S.C. § 1915A.

The **clerk is designated**, pursuant to *Fed. R. Civ. P.* 4(c)(2), to issue and serve process on defendants D. Alsip, Mr. Franklin, Jennifer Rhinehart, and Herb Troyer in the manner specified by *Fed. R. Civ. P.* 4(d)(2). Process in this case shall consist of the complaint, the supplement [dkt. 11], applicable forms, and this Entry.

**IT IS SO ORDERED.**

Date: 07/15/2013

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Steven Gray, #906531
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064

D. Alsip
Mr. Franklin
Jennifer Rhinehart
All at:
  Pendleton Correctional Facility
  4490 W. Reformatory Rd.
  Pendleton, IN 46064

Herb Troyer
Corizon
105 West Park Drive Suite 200
Brentwood, TN 37027

Note to Clerk: Processing this document requires actions in addition to docketing and distribution.