## UNITED STATES DISTRICT COURT
## SOUTHERN DIS     ICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STEVEN GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:13-cv-297-JMS-DML |
| | ) | |
| D. ALSIP, et al., | ) | |
| Defendants. | ) | |

**Entry Discussing Motions for Summary Judgment**

Plaintiff Steven Gray brings this action pursuant to 42 U.S.C. § 1983 alleging that the defendants failed to protect him from harm by other inmates. Arguing that Gray failed to exhaust his available administrative remedies before filing this lawsuit, defendants D. Alsip, Jennifer Rinehart (misspelled "Rhinehart" in the complaint), and Herb Troyer move for summary judgment. Gray has not responded.

### I. Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* The court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

Gray has not opposed the defendants' motions for summary judgment. The consequence of his failure to do so is that he has conceded the defendants' version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the

local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921–22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## II. Discussion

A. *Undisputed Facts*

Consistent with the foregoing, therefore, the following facts are undisputed.

Gray's complaint alleges that the defendants acted with deliberate indifference to his requests for protection in October and November of 2012. The Indiana Department of Correction maintains a grievance policy that must be followed by inmates wishing to raise issues related to the conditions of their confinement. This grievance policy includes three steps: 1) an informal complaint, 2) a formal, written grievance, and 3) an appeal. All three steps must be completed before the grievance process is considered to be exhausted. Gray has never filed a grievance related to his request for protection or otherwise related to the allegations of his complaint.

B. *Analysis*

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). The PLRA's exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner

must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

Here, it is undisputed that Gray never filed a grievance related to the incidents at issue in his complaint. He therefore failed to exhaust his available administrative remedies as required by the PLRA.

### III. Conclusion

For the foregoing reasons, the motions for summary judgment filed by defendants D. Alsip, Jennifer Rinehart, and Herb Troyer [dkt. 36 and dkt. 39] must be **granted**. No partial final judgment shall issue as to the claims resolved in this Entry.

Gray shall have **through March 24, 2014**, in which to **show cause** why his claims against defendant Franklin should not be dismissed pursuant to Rule 56(f) of the *Federal Rules of Civil Procedure* for the same reasons the claims against defendants Alsip, Rinehart, and Troyer have been dismissed. Failure to show cause will result in the dismissal of the action without prejudice

**IT IS SO ORDERED.**

Date: 03/03/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Steven Gray
#906531
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

All electronically registered counsel